620 A.2d 622

**In the Matter of the EMPLOYEES OF the DEPUTY SHERIFFS BENEVOLENT ASSOCIATION OF BUCKS COUNTY, INC.**

**Appeal of DEPUTY SHERIFFS BENEVOLENT ASSOCIATION OF BUCKS COUNTY, INC., Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 19, 1992.

Decided Jan. 25, 1993.

Dennis P. Denard and Edward D. Foy, Jr., for appellant.

John B. Neurohr, for appellee.

Joseph C. Rudolf, for intervenor.

Before CRAIG, President Judge, and SMITH, J., and NARICK, Senior Judge.

SMITH, Judge.

The Deputy Sheriffs Benevolent Association of Bucks County, Inc. (Association) appeals from the February 5, 1992 order of the Court of Common Pleas of Bucks County which affirmed the final order of the Pennsylvania Labor Relations Board (Board) dismissing the Association's petition for representation. The question presented is whether the deputy sheriffs of Bucks County fall within the definition of "guards" under Section 604(3) of the Public Employe Relations Act (PERA), Act of July 23, 1970, P.L. 563, *as amended,* 43 P.S. § 1101.604(3), which prohibits inclusion of any individuals employed as guards in a collective bargaining unit with other public employees.[1]

1. Section 604(3) of the PERA provides:

On October 31, 1988, the Association filed a petition requesting the Board to sever the deputy sheriffs from the existing collective bargaining unit of the County's court-related, non-court appointed employees. The unit was represented by the American Federation of State, County and Municipal Employees, District Council 88, AFL–CIO. The Association alleged that it represented 30% or more of employees of the County sheriff's office and that the collective bargaining agreement was to expire on December 31, 1988. The Secretary of the Board declined to direct a hearing on the petition because the petitioned-for unit was inappropriate under the Board's broad-based bargaining unit policy for certifying county bargaining units. After considering the Association's exceptions, the Board remanded the matter for a hearing, concluding that the Association raised factual issues as to whether the deputy sheriffs are guards who should be included in a separate bargaining unit under Section 604(3) of the PERA.[2] The hearing examiner issued a proposed order of dismissal deter-

§ 1101.604. **Appropriateness of public employer unit; determination**

The board shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the board shall:

. . . .

(3) Not permit guards at prisons and mental hospitals, employes directly involved with and necessary to the functioning of the courts of this Commonwealth, or any individual employed as a guard to enforce against employes and other persons, rules to protect property of the employer or to protect the safety of persons on the employer's premises to be included in any unit with other public employes, each may form separate homogenous employe organizations with the proviso that organizations of the latter designated employe group may not be affiliated with any other organization representing or including as members, persons outside of the organization's classification.

2. The Association's petition was filed as a petition for decertification and for clarification of the unit as certified by the Board's 1979 order consolidating into a single unit the numerous county bargaining units for the employees of various court-related offices, including the sheriff's office. In remanding for a hearing, the Board treated the Association's petition as a petition for representation because the Association in essence sought establishment and representation of a separate bargaining unit for the deputy sheriffs on the basis of their alleged status as guards.

mining that the deputy sheriffs are not guards under Section 604(3). The Association filed exceptions which the Board dismissed in its final order.

This Court's scope of review of the Board's determination of a bargaining unit is limited to whether findings of fact are supported by substantial evidence and whether conclusions drawn from those facts are reasonable and not arbitrary, capricious or illegal. *Washington Township Municipal Authority v. Pennsylvania Labor Relations Board,* 131 Pa.Commonwealth Ct. 36, 569 A.2d 402, *appeal denied,* 525 Pa. 652, 581 A.2d 577 (1990). Moreover, in reviewing the Board's decision, this Court must rely on the Board's expertise in the area of public labor relations to weigh and determine the facts. *School Dist. of Township of Millcreek v. Millcreek Education Ass'n,* 64 Pa.Commonwealth Ct. 389, 440 A.2d 673 (1982).

The hearing examiner found that the County employs approximately forty-one deputy sheriffs whose duties include serving process and bench warrants, extraditing prisoners, conducting sheriff's sales, enforcing court orders, transporting and securing prisoners, and providing security presence inside and outside courtrooms during trials. In addition, they respond to disturbances in or near courtrooms and various court-related offices including probation, domestic relations, and public defenders offices located in the administration building. Occasionally, they enforced the no-smoking rule, assisted in evacuation and search of the courthouse and administration building in bomb threats, and assisted judicial personnel during fires or fire drills. The County employs separate security personnel in its security department who are responsible for protection of County property, including the courthouse and administration building, and safety of employees and visitors on a twenty-four hour, seven day per week basis.

Section 604(3) of the PERA mandates that "guards" be separated from other employees in collective bargaining "to insure an employer that during strikes or labor unrest ... the employer would have 'guards' who could enforce rules for the

protection of property and safety of persons without being confronted with a division of loyalty between the employer and dissatisfied fellow union members." *Township of Falls v. Pennsylvania Labor Relations Board,* 14 Pa.Commonwealth Ct. 494, 498, 322 A.2d 412, 414 (1974) (quoting *McDonnell Aircraft Corp.,* 109 N.L.R.B. 967 (1954)). In *Erie County Area Vocational–Technical School v. Pennsylvania Labor Relations Board,* 52 Pa.Commonwealth Ct. 388, 417 A.2d 796 (1980), this Court set forth factors to be considered in determining whether employees are guards under Section 604(3).

> Characterization of the employees as 'guards' under the Act is not solely dependent on whether their main function is the enforcement of the employer's rules against other employees. The critical element of the 'guard' function is that the employees are responsible for enforcing the employer's rules to protect the employer's property. During a strike or labor dispute this could mean possibly protecting the employer's property from striking employees. . . .

*Id.* at 393–94, 417 A.2d at 798. The Association contends that the deputy sheriffs are guards because in addition to the usual court-related duties, they periodically performed security functions of controlling disturbances, enforcing the no-smoking rule and assisting in evacuation of the building.

This Court recently addressed the question of whether Washington County deputy sheriffs should be classified as guards under Section 604(3) in *Washington County v. Pennsylvania Labor Relations Board,* 149 Pa.Commonwealth Ct. 603, 613 A.2d 670 (1992). It was undisputed that the deputy sheriffs were assigned to the picket line to protect county property and to secure free access to county facilities during a two-week strike by their union. On one occasion, a deputy sheriff physically removed picketers to permit vehicles to enter the county health center. This Court held that assignment of the deputy sheriffs to the picket line established that "a division of loyalty actually occurred and was not a mere possibility which . . . was [held] sufficient to mandate a separate bargaining unit." *Id.* at 609, 613 A.2d at 673.

In the matter sub judice, the activities cited by the Association represent no more than court-related security functions incidental to primary responsibilities of the deputy sheriffs and therefore do not rise to the level necessary to establish guard status under *Washington County*. The Association contends that the deputy sheriffs' functions exceeded court-related duties because their activities extended to areas where the probation, domestic relations, and public defender's offices are located. To the contrary, since operations of these offices are all related to the business of the court, the deputy sheriffs' activities did not exceed their court-related security functions. Consequently, there is a lack of evidence implicating either the possibility of a division of loyalty in the event of labor unrest as in *Erie County Vo–Tech* or actual occurrence of conflicts of loyalty as in *Washington County*. Hence, the deputy sheriffs are not entitled to be classified as guards.

The Association also relies upon the assignment of two deputy sheriffs to the County prison fifteen years ago to replace two striking prison guards. This isolated instance, however, does not provide a basis for characterizing the deputy sheriffs as guards. The County currently has a separate security department with employees conferred guard status under Section 604(3) who can protect County property and provide for the safety of persons during any future labor unrest. This fact is relevant in determining whether the deputy sheriff employees should be characterized as guards. *See Commonwealth of Pennsylvania (Fire Marshal)*, 15 Pa. P.E.R. 15212 (1984). Therefore, the event cited by the Association is insufficient to implicate the possibility of a division of loyalty in the event of future labor unrest.

Finally, the Association argues that the deputy sheriffs should be classified as guards because they are required to enforce injunctions in the event of a strike by court-related employees. Serving an injunction order upon striking employees is a function delegated to the deputy sheriffs pursuant to their court-related statutory duties. *See Venneri v. County of Allegheny*, 12 Pa.Commonwealth Ct. 517, 316 A.2d 120 (1974). That function does not involve enforcing the employer's rules

to protect County property and safety of persons as in *Washington County* where the deputy sheriffs were assigned to the picket line at the request of the county commissioners. Consequently, the mere possibility of serving an injunction order upon striking employees likewise does not implicate a division of loyalty which would mandate a separate bargaining unit for the deputy sheriffs. In any event, court-related employees are prohibited from striking under Section 1001 of the PERA, 43 P.S. § 1101.1001.

Since the Board's findings are supported by substantial evidence and its conclusions drawn from those findings are reasonable under the facts developed in this record, the order of the trial court is affirmed.

## ORDER

AND NOW, this 25th day of January, 1993, the order of the Court of Common Pleas of Bucks County dated February 5, 1992 is affirmed.