**DEPUTY SHERIFFS ASSOCIATION OF BERKS COUNTY,**
Petitioner,

v.

**PENNSYLVANIA LABOR RELATIONS BOARD,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued Oct. 17, 2001.

Decided Jan. 10, 2002.

Publication Ordered April 10, 2002.

Eric C. Stoltenberg, Harrisburg, for petitioner.

John B. Neurohr, Harrisburg, for respondent.

Before PELLEGRINI, Judge (P.), FRIEDMAN, Judge, and NARICK, Senior Judge.

OPINION BY Senior Judge NARICK.[1]

Deputy Sheriffs Association of Berks County (Association) petitions for review of a final order of the Pennsylvania Labor Relations Board (Board) that affirmed a hearing examiner's amended proposed or-

---

1. This case was originally argued before a panel consisting of Judge Pellegrini, Judge Friedman and Senior Judge Rodgers. Be- cause of the untimely death of Senior Judge Rodgers, the case was submitted to Senior Judge Narick as a member of the panel.

der dismissing the Association's petition for representation. We affirm.

In 1980, the Board certified American Federation of State, County and Municipal Employees, District Council 88, AFL–CIO (AFSCME), as the exclusive representative of a unit of full-time and regular part-time non-professional court-related employees.[2] On October 7, 1999, the Association filed a petition for representation, seeking to represent a bargaining unit comprised solely of deputy sheriffs employed by the Berks County Sheriffs' Department. The petition asserted a lack of community of interest with the other certified classifications of employees and a desire to have a new representative for collective bargaining purposes.

By letter dated November 22, 1999, the Secretary of the Board dismissed the Association's petition on the grounds that a separate unit limited to deputy sheriffs is inappropriate under the Board's policy of certifying broadly based units in county settings. The Association filed exceptions to the dismissal, to which AFSCME filed a response, and a Board-ordered hearing was held on June 13, 2000.

The hearing examiner's findings of fact are summarized as follows. All employees in the bargaining unit are subject to the same probationary period, have similar wages, hours, overtime benefits, pay increases, leave benefits, paid holidays, vacations, health and life insurance benefits, and access to grievance and arbitration procedures set forth in the parties' collective bargaining agreement.

The deputy sheriffs are organized into three divisions: the warrants division, the courts division and the civil division. Deputy sheriffs in the warrants division serve warrants and conduct any necessary investigations related to the service of warrants. Deputy sheriffs in the courts division serve subpoenas and protection from abuse orders, transport prisoners to and from jail, hold them in the cell block until their scheduled court appearance, accompany them to the courtroom, and sometimes accompany other law enforcement personnel on extraditions. Deputy sheriffs in the civil division serve writs, perform levies, hold personal property sales and conduct sheriff's sales and tax notices.

Office support clerks assist the deputy sheriffs with processing the paperwork related to the service of writs and complaints, levies and property sales, real estate executions and service of warrants. A deputy in the sheriffs' department currently performs duties that were until recently performed by a clerk in the sheriffs' office.

Deputy sheriffs receive specialized training, are subject to physical strength and agility requirements, are on call nights and some weekends, and from time to time are required to testify in court. Deputy sheriffs drive marked vehicles and regularly use radios. Deputy investigators in the coroner's office also drive marked cars and use radios and cell phones to communicate with each other. Like deputy sheriffs, deputy investigators receive specialized training, are subject to physical strength requirements, are required to testify in court, and have contact with other law enforcement agencies.

The hearing examiner dismissed the Association's petition for representation, concluding that the deputy sheriffs share an

---

2. Court-related employees include employees in the offices of Sheriff, Prothonotary, Clerk of Courts, Register of Wills, Coroner, Jury Commissioner, District Attorney and Public Defender. In addition to deputy sheriffs, the bargaining unit includes office support staff, account clerks, probation officers, domestic relations officers, court reporters, coroner's deputy investigators, and miscellaneous positions such as data entry, evidence clerk, jury clerk and systems analyst.

identifiable community of interest with the remaining employees in the court-related bargaining unit. The Association filed exceptions to the hearing examiner's proposed order of dismissal, arguing that the job duties and functions of the deputy sheriffs are so different from the job duties and functions of the other employees in the existing unit that the Supreme Court's decision in *Fraternal Order of Police v. Pennsylvania Labor Relations Board*, 557 Pa. 586, 735 A.2d 96 (1999) (*FOP*), requires certification of a separate bargaining unit.

The Board concluded that the hearing examiner's findings support the conclusion that the deputy sheriffs share an identifiable community of interest with the remaining court-related employees in the bargaining unit. The Board rejected the Association's argument that the decision in *FOP* controls, finding that the facts in *FOP* are distinguishable. The Board concluded that the Association failed to prove that there is no identifiable community of interest between the deputy sheriffs and the other employees in the unit and that the Association neither argued nor attempted to prove that the deputy sheriffs were not being fairly and adequately represented by AFSCME. Accordingly, the Board dismissed the Association's exceptions and made the proposed order final and absolute.

 On appeal to this Court,[3] the Association argues that in *FOP*, the Supreme Court held that it is unreasonable for the Board to over-emphasize similarities in contractual benefits and under-credit dissimilarities in actual job functions. The Association contends that the Board ignored the directive implicit in *FOP* to examine differences in actual job functions and capriciously ignored the significant differences in job functions that distinguish deputy sheriffs from other employees in the bargaining unit. In response, the Board contends that the Association's interpretation of *FOP* is overly broad and results in the absurd conclusion that the Board and courts are prohibited from considering similarities in wages, hours and working conditions, grievance procedures and bargaining history, traditionally considered in a community of interest analysis.

In *FOP*, the existing bargaining unit was comprised of Liquor Control Board (LCB) employees, and at the time the existing unit was certified the LCB employees were responsible for both licensing and enforcement functions. After the passage of subsequent legislation that transferred enforcement of the liquor laws to the state police, some employees remained with the LCB as licensing analysts and others joined the state police as enforcement officers. The two groups of employees remained in the same bargaining unit for about eight years, after which the union filed a petition for unit certification. The hearing examiner concluded that the positions of licensing analysts and enforcement officers were not so divergent as to warrant a conclusion that no community of interest existed, and the Board agreed.

The Commonwealth Court reversed, concluding that:

> It was not reasonable for the Board to rely only on those common conditions of employment that presently exist because the groups once shared job functions and all other conditions of employment. The Board gave more weight to these

**3.** Our scope of review of the Board's bargaining unit determination is limited to determining whether the findings of fact are supported by substantial evidence and whether the conclusions drawn from those facts are reasonable and not arbitrary, capricious or illegal. *Appeal of Deputy Sheriffs Benevolent Association of Bucks County, Inc.,* 153 Pa.Cmwlth. 75, 620 A.2d 622 (1993).

factors than to those which involve the actual functions of the job, and the dissimilarities in job functions and other conditions of employment are both numerous and significant.

*Fraternal Order of Police v. Pennsylvania Labor Relations Board*, 695 A.2d 926 (Pa. Cmwlth.1997).[4] On further appeal, the Supreme Court affirmed, concluding that there was *"no substantial evidence of record to support the [Board's] conclusion* that the enforcement officers and the licensing analysts share an identifiable community of interest." *FOP*, 557 Pa. at 594, 735 A.2d at 100 (emphasis added).

The Association argues that the holding in *FOP* requires the separation of employee groups whenever there are significant differences in actual job functions. However, we disagree with the Association's contention that the *FOP* court redefined the analysis to be applied in this case. The *FOP* court stated that in determining whether employees share an identifiable community of interest, a number of factors must be considered, including "the type of work performed, educational and skills requirements, pay scales, hours and benefits, working conditions, interchange of employees, grievance procedures, and bargaining history." *Id.* The decision in *FOP* does not reflect that any one factor should be given greater weight than others, and the *FOP* court reiterated that an identifiable community of interest does not require perfect uniformity in conditions of employment, but can exist despite differences in wages, working conditions and other factors. *Id.; Washington Township Municipal Authority v. Pennsylvania Labor Relations Board*, 131 Pa.Cmwlth. 36, 569 A.2d 402 (1990), *appeal denied*, 525 Pa. 652, 581 A.2d 577 (1990).

While the *FOP* court determined that there was no substantial evidence to support the Board's decision, the record here is distinguishable. First, there is no dispute that all employees in the court-related bargaining unit share numerous conditions of employment. In this case, when the benefits shared by all employees under the collective bargaining agreement were negotiated, differences in employees' actual job functions already existed. While the record here reflects that the deputy sheriffs have duties that differ from those of other employees in the bargaining unit, the job functions were extensively reviewed by the hearing examiner and evidence significant interaction between the deputy sheriffs and other members of the court-related bargaining unit. There are also significant similarities between the deputy sheriffs and deputy investigators in the coroner's office with respect to physical requirements, job duties and other working conditions.

It is well settled that this Court may not substitute its judgment for that of the Board, absent bad faith, fraud, capricious action or abuse of power. *FOP*. Having carefully reviewed the record, we conclude that the Board's determination is supported by substantial evidence and is not capricious or unreasonable. Accordingly, we affirm.

---

**4.** The Commonwealth Court relied on the hearing examiner's findings concerning the different job functions of the two groups of employees. The enforcement officers work undercover, investigating gambling, underage drinking, hours of operation violations and other crimes, including homicides. The enforcement officers conduct raids, make arrests, seize property, work closely with other law enforcement agencies, and handle prosecutions from arrest through disposition. In sharp contrast, the job functions of the licensing analysts involve regulatory work, including auditing, to ensure compliance with liquor laws and regulations; they do not perform any of the duties performed by the enforcement officers and approximately eighty-five percent of the licensing analysts work from their homes. See *Fraternal Order of Police*, 695 A.2d 926.

### ORDER

NOW, *January 10, 2002*, the order of the Pennsylvania Labor Relations Board in the above-captioned matter is hereby affirmed.

