**BUTLER COUNTY DEPUTY
SHERIFF'S UNIT,**
Appellant

v.

**PENNSYLVANIA LABOR
RELATIONS
BOARD.**

Commonwealth Court of Pennsylvania.

Argued Oct. 16, 2006.

Decided Nov. 15, 2006.

Peter J. Pietrandrea, Cranberry Township, for appellant.

Julie M. Graham, Butler, for appellee, Butler County.

Jack E. Marino, Harrisburg, for appellee, Pennsylvania Labor Relations Board.

BEFORE: McGINLEY, Judge, and FRIEDMAN, Judge, and COHN JUBELIRER, Judge.

OPINION BY Judge COHN JUBELIRER.

The Butler County Deputy Sheriffs' Unit (Unit) appeals from an order of the Court of Common Pleas of Butler County (trial court), that affirmed a final order of the Pennsylvania Labor Relations Board (Board) dismissing the Unit's exceptions to the proposed order of the Board's hearing examiner. The hearing examiner dismissed the Unit's amended petition for representation by a separate bargaining unit under the "guard" exclusion contained in Section 604(3) of the Public Employe Relations Act (PERA),[1] which prohibits inclusion of any individuals employed as guards in a collective bargaining unit with other public employees. The hearing examiner's proposed order of dismissal stemmed from his conclusion that the Unit has not enforced rules for the protection of property or other persons during times of labor unrest within the meaning of Section 604(3).

The Unit and Butler County (County) initially filed a joint petition for representation with the Board. The joint petition sought an election in a bargaining unit limited to County deputy sheriffs, notwithstanding the existence of a court-related, nonprofessional unit represented by SEIU Local 585 (SEIU). By letter dated January 14, 2003, the Secretary of the Board declined to direct a hearing on the petition. After considering the Unit's exceptions, the Board remanded the matter for a hearing. By letter dated April 11, 2003, the Unit amended the petition for representation to allege that the deputy sheriffs are security guards for purposes of Section 604(3) of PERA, to which the *County did not join*. A hearing was held on September 2, 2003, in which all parties in interest were afforded a full opportunity to present testimony and evidence. The hearing examiner made the following pertinent findings of fact:

3. On January 29, 1980, the Board certified SEIU as the exclusive representative of a bargaining unit of County

---

1. Act of July 23, 1970, P.L. 563, *as amended,*   43 P.S. § 1101.604(3).

employes, which is comprised of all full-time and regular part-time non-professional court-related employes.

4. On a day to day basis, the County's deputy sheriffs are primarily responsible for providing security at the county courthouse and the county government center, which is adjacent to the courthouse. During crisis situations or special events (e.g., Ku Klux Klan rallies), deputy sheriffs may perform security duties on other county property.

5. The county government center is connected to the county courthouse by a walkway. The courthouse and the government center both contain court facilities.

6. All persons who enter the front entrance of the courthouse are subject to a hand search by deputy sheriffs, as well as use of a magnetometer. The deputy sheriffs also use x-ray machines to scan any packages that are brought in to the courthouse. County employes are issued a card key pass, and have the option of entering the courthouse through employe entrances where they are not subject to search.

7. The other entrances to the courthouse have alarms. Deputy sheriffs monitor and respond to these alarms.

8. *County employes have not engaged in a work stoppage.*

9. *The deputy sheriffs have not protected County property during a work stoppage by County employes.*

10. On or about February 12, 2003, the county commissioners and the president judge of the court of common please approved an amendment to the security policy for the county courthouse/government center, which added the following provision to the policy:

The Butler County Sheriff's Office shall have responsibility for the security and protection of County facilities and property in the event of breaches of the peace (i.e., Riots, mobs, insurrections, acts of terrorism, work stoppages) and other acts which could result in damage to County facilities or disruption of county functions....

*The county commissioners and the president judge rescinded this amendment* to the security policy on or about April 10, 2003.

(Hr'g Examiner findings of fact (FOF) ¶¶ 3–10 (record citations omitted) (emphasis added).) The hearing examiner issued a proposed order of dismissal and concluded that, because the County has never used deputy sheriffs to protect its property during a work stoppage by County employees, the deputy sheriffs within the Unit are not guards for the purposes of Section 604(3) of PERA.

The Unit filed exceptions to the hearing examiner's decision and the Board issued an order making the hearing examiner's proposed order of dismissal absolute and final. In its order, the Board noted:

Here, the [Unit] did not meet its burden of producing evidence, and thereby its burden of proof, that the County *actually used* the deputy sheriffs to enforce rules for the protection of property and persons in times of labor unrest. The courts and the Board have consistently required that a [unit] establish the employer's intent to use the deputy sheriffs as guards by showing that the *deputies were in fact used* in that capacity in the past. The record must demonstrate that deputies 'went beyond the usual court-related security functions and thereby implicated actual conflicts of loyalty.'

(Bd. Final Order at 2–3, quoting *Washington County v. Pennsylvania Labor Relations Board,* 149 Pa.Cmwlth. 603, 613 A.2d 670, 674 (1992) (emphasis added).)

■ On September 19, 2005, the trial court issued a decision and order upholding the Board's dismissal of the Unit's petition for representation. The Unit's appeal to this Court followed.[2]

On appeal, the Unit argues that the trial court erred in affirming the Board's decision that the Unit members are not "guards" within the meaning of Section 604(3) of PERA because the County Commissioners have not *actually* used the deputy sheriffs of the Unit to protect persons or county property during labor unrest. The Unit contends that the requirements of Section 604(3) are met if there exists *only a possibility* that its deputy sheriffs would be utilized in the capacity of a guard in a case of a work stoppage, and the existence of prior work stoppages is not necessary for the designation of deputy sheriffs as "guards."

The Board argues, on the other hand, that whether one has to prove actual protection during labor unrest, or a mere possibility of protection during labor unrest, is dependent upon which party files the petition for representation. The Board asserts that when the party in favor of the petition for representation is the employer-County, the employer is seeking a protection, which is the purpose of Section 604(3), and, therefore, must only prove a *possibility* of protection on the part of the Unit during labor unrest. However, when the party opposing the petition for representation is the employer and, thus, is not seeking the protection of Section 604(3), courts require the filing party to prove that *actual* protection was conducted by the deputy sheriffs during labor unrest in the past.[3]

Section 604(3) of PERA provides, in part:

> The [B]oard shall determine the appropriateness of a unit which shall be the public employer unit or a subdivision thereof. In determining the appropriateness of the unit, the [B]oard shall:
>
> . . .
>
> (3) Not permit guards at prisons and mental hospitals, employes directly involved with and necessary to the functioning of the courts of this Commonwealth, or any individual employed as a guard to enforce against employes and other persons, rules to protect property of the employer or to protect the safety of persons on the employer's premises to be included in any unit with other public employes, each may form separate homogenous employe organizations with the proviso that organizations of the lat-

---

**2.** This Court's review of a Board's bargaining unit determination is limited to determining whether the findings of fact are supported by substantial evidence and whether conclusions drawn from those findings are reasonable and not arbitrary, capricious or illegal. *Franklin County Deputy Sheriff's Assoc. v. Pennsylvania Labor Relations Board,* 885 A.2d 613 (Pa. Cmwlth.2005). This Court, in reviewing the Board's decision, must rely on the Board's expertise in this area of labor relations to weigh and determine the facts. *Id.* at 616. The Board's interpretation of its governing statutes are to be given "controlling weight" unless its decisions are clearly erroneous.

*Whitaker Borough v. Pennsylvania Labor Relations Board,* 556 Pa. 559, 729 A.2d 1109 (1999).

**3.** On May 22, 2006, the County Commissioners filed with this Court a "Letter Brief" on behalf of the County expressly adopting the position of the Board and incorporating, by reference, the brief of the Board filed in this matter. This letter goes on to state that, "[t]he County does not intend to use its Deputy Sheriffs as security guards within the meaning of Section 604(3) of PERA." (County Commissioners' Letter Brief, 5–22–06.)

ter designated employe group may not be affiliated with any other organization representing or including as members, persons outside of the organization's classification.

43 P.S. § 1101.604(3).

In order to determine whether the Board's interpretation of Section 604(3) of PERA is correct, we need to review the applicable precedent of this Court. Over the past twenty-five years, this Court has had opportunities to apply the "guard" exclusion in Section 604(3). We will discuss three of our opinions in such cases as illustrative of the development of the law in this area.

In *Erie County Area Vocational–Technical School v. Pennsylvania Labor Relations Board,* 52 Pa.Cmwlth. 388, 417 A.2d 796 (1980), this Court considered consolidated cross-appeals filed by the employer and the Board. Of particular importance to the issue at bar, the question in *Erie County* was whether the trial court erred in modifying the Board's order by excluding from a bargaining unit security/maintenance employees which it found were "guards" pursuant to Section 604(3) of PERA. In the appeal, the Board argued that the employees were not guards under PERA, while the *employer insisted that the trial court was correct in finding them to be "guards" under Section 604(3).* This Court, in deciding the issue, noted pertinent factual findings by the Board that these employees: (1) were required to safeguard millions of dollars worth of equipment on the employer's premises; (2) were responsible for protecting equipment and the premises from unauthorized entrants by periodic inspection tours of the buildings during their work weekends and nights; and, (3) were instructed to call the police and protect the property in the event a trespasser was detected on the premises, as long as their lives were not endangered. 417 A.2d at 798. In ultimately affirming the Board and concluding that these employees were "guards" under PERA, this Court agreed with the employer and stated that the:

> characterization of the employees as "guards" under [Section 604(3) of PERA] is not solely dependent on whether their main function is the enforcement of the employer's rules against other employees. The critical element of the "guard" function is that the employees are responsible for enforcing the employer's rules *to protect the employer's property. During a strike or labor dispute this could mean possibly* protecting the employer's property from striking employees; *there the divided loyalty problems which necessitate the guards' exclusion from the bargaining unit* could become apparent.

*Id.* (emphasis added). In concluding that the employees were guards based on the *possibility* that they would be called to protect the employer's property from striking employees, this Court essentially invoked an "employer-protection" analysis pursuant to Section 604(3) of PERA, at the request of the employer.

More than a decade after *Erie County* was decided, this Court, in *Washington County v. Pennsylvania Labor Relations Board,* 149 Pa.Cmwlth. 603, 613 A.2d 670 (1992), also held that deputy sheriffs were "guards" entitled to separate collective bargaining representation pursuant to PERA. There, the Board certified the deputies as guards after finding the deputies had *actually provided security* at the County's health center and jail during a strike against the County by its unionized employees. The trial court affirmed the Board's certification. On appeal to this Court, the *employer-County contended that the assignment of deputies to the*

picket line during the two-week strike did not justify the finding that the deputies are guards under Section 604(3) of PERA. This Court, in affirming the trial court and the Board's certification, noted that, during the strike against the County, "the deputy sheriffs who were also [union] members were assigned to the picket line on a twenty-four hour basis to protect County property and to secure free access to County facilities for other employees and the public." *Id.* at 673. The Court further noted, "[a] deputy sheriff testified that on one occasion, he physically removed the picketers to permit vehicles to enter the County's health center." *Id.* This Court recognized that:

> [t]he purpose of the requirement that guards be separated from other employees in collective bargaining is to ensure that during strikes or labor unrest, "the employer would have 'guards' who could enforce rules for the protection of property and safety of persons without being confronted with a division of loyalty between the employer and dissatisfied fellow union members."

*Id.* (quoting *Township of Falls, Bucks County v. Pa. Labor Relations Board,* 14 Pa.Cmwlth. 494, 322 A.2d 412, 414 (1974)).

In *Washington County,* unlike in *Erie County,* the *employer-County opposed the petition for representation* that the deputies be considered guards under PERA. Therefore, in *Washington County,* this Court looked at whether the deputies *actually provided security* at the County's health center and jail during a labor strike to determine whether they should be considered guards under PERA. Because the employer opposed the petition, the Court was not looking to "protect" the employer. *See Township of Falls,* 322 A.2d at 414 (stating that the purpose of Section 604(3) of PERA is to ensure protection of the employer and the employer's premises

during labor unrest). In contrast, when, in *Erie County,* the *employer argued in favor of the employees being considered as guards,* the Court used a more relaxed standard, requiring only that there be a *mere possibility of protecting employer property* by the employees in the event of a labor dispute.

Recently, this Court was again confronted with the same issue in *Franklin County Deputy Sheriff's Association v. Pennsylvania Labor Relations Board,* 885 A.2d 613 (Pa.Cmwlth.2005), and decided the issue consistent with this Court's prior decisions in *Erie County* and *Washington County.* In *Franklin County,* this Court affirmed the Board's dismissal of a deputy sheriff's association's petition to represent a bargaining unit of only deputy sheriffs because they did not qualify as "guards" under Section 604(3) of PERA. There, as in *Washington County,* the *employer-County opposed the association's petition for representation,* and it was uncontested that the deputy sheriffs were never used as guards during a strike by County employees. However, the sheriff decreed in a manual that in the event of any strike, whether public or private, the deputy sheriffs were responsible for the safety of persons and property on either side of the strike.

This Court, in affirming the Board, held that the strike duties, which were detailed in the manual, were more in the nature of general law enforcement duties performed by neutral peace officers than those of security guards protecting their employer's property against fellow county employees at the request of county commissioners. Therefore, having determined that the deputies have never performed guard duty for the County during a strike by County employees, and that the strike duties listed in the manual did not amount to guard duties per Section 604(3) of

PERA, we concluded that the Board did not err in denying the association's petition. *Franklin County*, 885 A.2d at 619. This Court went on to note that, even if the strike duties contained in the manual would be sufficient to qualify the deputies as guards, the manual, by itself, is insufficient to establish a separate bargaining unit. We noted that County Commissioners are the exclusive managerial representative for purposes of collective bargaining, and that absent approval by the County Commissioners, the sheriff's office was not authorized to establish a separate bargaining unit for the deputies based solely on the sheriff's own policy regarding possible duties of the deputies in the event of a strike by County employees. *Id.* at 620. Furthermore, there was no clear indication that the County would ever use the deputies to guard County property during a strike by County employees, *id.* at 621, and, therefore, there was insufficient evidence to adequately establish the possibility of a division of loyalty.

The holding in *Franklin County* is consistent with the analysis used in both *Erie County* and *Washington County*. In *Franklin County*, the Court noted that the *employer-County opposed the petition for representation* and argued that the deputy sheriffs were not guards under PERA. As such, the employer was not seeking the protection afforded under Section 604(3) of PERA. Thus, the Court utilized a stricter standard, pursuant to *Washington County*, in determining whether the sheriffs were guards. The *Franklin County* Court, in utilizing this heightened standard, found the sheriffs were not guards pursuant to Section 604(3) of PERA because there was no evidence that the sheriffs *actually protected* the employer in the past during labor unrest, nor did the evidence suggest that the sheriffs would be utilized as such if labor unrest took place in the future.

■ Based on our prior holdings in *Erie County, Washington County*, and *Franklin County*, we agree with the Board that the cases use a different standard for determining whether deputies should be considered guards under Section 604(3) of PERA, depending upon whether the employer is supporting the petition for representation or not. Where the employer supports the petition for representation, the relaxed standard outlined in *Erie County*, is appropriate. There, the employer need only show a *mere possibility* that the employees would be used as guards to protect the employer's property during labor unrest. The rationale behind utilizing a more relaxed standard is that Section 604(3) is an employer-protection to ensure that during labor unrest, the employer would have guards to enforce its rules for the protection of property and safety of persons, without being confronted with a division of loyalty between the employer and dissatisfied fellow union members. *Erie County*, 417 A.2d at 798. The purpose of Section 604(3) is not to give employees/unions an opportunity to bargain out of their existing unit in self-interest. If, on the other hand, the employer opposes the petition for representation filed on behalf of a union, the stricter standard as outlined in *Washington County* and *Franklin County* is appropriate. There, the union must prove that its members *actually protected* employer property during a past labor dispute. If the employees/union can meet this burden, the petition for representation will be granted. *Washington County*.

■ In the case at bar, the employer-County Commissioners oppose the Unit's petition for representation. The hearing examiner, in finding of fact 10, found the County Commissioners do not intend to use the Deputy Sheriffs as guards, as they rescinded the amendment to the security

policy. (FOF ¶ 10.) Furthermore, the employer-County Commissioner's opposition is clearly stated in its "Letter Brief" to this Court, in which it expressly adopts the position of the Board and clarifies that "[t]he County does not intend to use its Deputy Sheriffs as security guards within the meaning of Section 604(3) of PERA." (County Commissioners' Letter Brief, 5–22–06.) Thus, because the employer-County opposes the petition, we apply the standard articulated in *Washington County* and *Franklin County*, in which the Unit must prove that it *actually protected* employer property during a past labor dispute. The Unit, however, has not met this burden.

Here, it is undisputed that County employees have never engaged in a work stoppage, and that the Deputy Sheriffs within the Unit have never actually protected County property during a work stoppage or any other kind of labor unrest by County employees in the past. (FOF ¶¶ 8–9.) Therefore, pursuant to *Washington County* and *Franklin County*, the trial court's order dismissing the Unit's amended petition for representation is affirmed.

## *ORDER*

**NOW**, November 15, 2006, the order of the Court of Common Pleas of Butler County in the above-captioned matter is hereby affirmed.